UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANIS MENSAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01390-SRC |
| | ) | |
| BRIAN GONZALES and IAN CSAPO, | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

On August 10, 2026, the Court partially dismissed Mensah's claims but retained Fourth-Amendment excessive-use-of-force, assault, and battery claims against Officers Gonzales and Csapo, docs. 48–49, and remanded the remaining claims against the other defendants to the Circuit Court of St. Louis, Missouri, doc. 50. Just over a month later, Mensah filed a motion to remand the state-law claims against the officers based on a stipulation to dismiss the Fourth-Amendment claim. Docs. 52–53. Officers Gonzales and Csapo do not oppose remand. Doc. 53 at 3 (The Court cites to page numbers as assigned by CM/ECF.). On September 16, 2026, Mensah filed a stipulation of dismissal signed by all parties as required by Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Doc. 55. With the Fourth-Amendment claim dismissed, only state-law claims—assault and battery—remain.

Under 28 U.S.C. § 1367, a "district court[] may decline to exercise supplemental jurisdiction . . . if— . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The principles of "judicial economy, convenience, fairness, and comity" guide the decision of whether to exercise supplemental jurisdiction. *Marianist Province of United States v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019).

But "[w]hen a plaintiff, after removal, cuts out all [] federal-law claims . . . supplemental jurisdiction over the residual state claims disappears." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025).

The parties' stipulated dismissal of Count II removed the "federal anchor" that permitted this Court to exercise supplemental jurisdiction over the state-law assault and battery claims. *Id.* Even if it could hear the remaining claims, no factor counsels against remand under Section 1367, nor do Defendants object to remand. Without a federal jurisdictional hook, the Court must remand this case for resolution by a state tribunal.

Accordingly, the Court remands the case to the Circuit Court of St. Louis, Missouri and directs the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court. A separate order of remand accompanies this Memorandum and Order.

So ordered this 18th day of September 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE